UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Cynthia Holloway and
Clifton Holloway,

    Plaintiffs,

v.                                                 Case No. 13-12907

Scottsdale Insurance Co.,                      Honorable Sean F. Cox

    Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO REMAND (Doc. #9)**

This is an insurance coverage dispute. Plaintiffs Cynthia and Clifton Holloway ("Plaintiffs") allege that Defendant Scottsdale Insurance Company ("Defendant") wrongfully denied their homeowners' insurance claim after their home and nearly all of its contents were lost in a fire.

This matter is before the Court on Plaintiffs' Motion to Remand the action back to Wayne County Circuit Court. (Doc. #9). The motion has been fully briefed by the parties and the Court heard oral argument on June 5, 2014. For the reasons set forth below, the Court shall DENY Plaintiffs' motion.

**BACKGROUND**

Plaintiffs Cynthia and Clifton Holloway ("Plaintiffs") purchased their homeowners' insurance from Defendant Scottsdale Insurance Company ("Defendant"). On September 19, 2010, a fire destroyed Plaintiffs' home and substantially all of their belongings. (Pl. Br. at 2). Thereafter, Plaintiffs filed an insurance claim with Defendant. Defendant denied Plaintiffs' claim on January 31, 2013.

On June 11, 2013, Plaintiffs filed suit against Defendant in the 3rd Circuit Court of Wayne

County. On July 3, 2013, based on the diversity of citizenship between the parties, Defendant removed Plaintiffs' action from Wayne County Circuit Court to this federal Court. (Notice of Removal, Doc. #1).

On March 14, 2014, Plaintiffs filed the present Motion to Remand (Doc. #9) based on the existence of a "Service of Suit" clause in their insurance contract with Defendant. The "Service of Suit" clause, more commonly referred to as a forum selection clause, provides:

> It is agreed that in the event of the failure of the Company to pay any amount claimed to be due under this policy, the Company at the request of the Insured (or reinsured), will submit to the jurisdiction of any court of competent jurisdiction within the United States of America and will comply with all requirements necessary to give the Court jurisdiction. All matters which arise will be determined in accordance with the law and practice of the Court. In a suit instituted against any one of them under this contract, the Company agrees to abide by the final decision of the Court or of any Appellate Court in the event of an appeal.

(Scottsdale Insurance Company Service of Suit Clause, attached to Pl. Br. at Ex. C). Defendant responded to Plaintiffs' motion, (Doc. #13), and Plaintiffs replied (Doc. #14).

**ANALYSIS**

Plaintiffs argue that the Court should remand the case back to state court because Defendant waived its right to remove the case from state to federal court by including the Service of Suit clause in the insurance contract.

Defendant responds that it did not clearly and unequivocally waive its right to removal by including the Service of Suit clause in the contract. Rather, Defendant argues, the Service of Suit clause "deals with the separate issue of whether a Michigan court, either state or federal, can exercise personal jurisdiction over [Defendant]." (Def. Resp., Doc. #13, at 2).

**A) Removal Requirements**

The right of removal from state court to federal court is a statutory right. 28 U.S.C. § 1441.

28 U.S.C. section 1441 states, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

Typically, "[a] defendant is entitled to have the suit removed to a proper federal court as a matter of right, on complying with the conditions prescribed by statute." *Regis Associates v. Rank Hotels (Mgmt.) Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990). "If the requirements of the removal statute are met, the right to removal is absolute." *Regis*, 894 F.2d at 195, *citing White v. Wellington*, 627 F.2d 582, 586 (2d Cir. 1980).

The right to removal can be contractually waived, but "the case law makes it clear that such waiver must be clear and unequivocal." *Regis*, 894 F.2d at 193; *see also In re Delta Am. Re Ins. Co.*, 900 F.2d 890 (6th Cir. 1990). When interpreting a "service of suit" or forum selection clause, general principles of contract interpretation apply. *In re Delta*, 900 F.2d at 892. Accordingly, the Court should give the contractual language its ordinary meaning, should consider the intent of the parties, and resolve ambiguities against the drafter. *Id.*

### B) It Is Undisputed That Defendant Has Satisfied The Requirements of The Removal Statute.

28 U.S.C. section 1441 allows a defendant to remove the case from state to federal court if the federal court has original jurisdiction over the case. Pursuant to 28 U.S.C. section 1132, the Court has original jurisdiction over cases in which complete diversity of parties exists and at least $75,000 is in controversy. Here, Plaintiffs admit that these conditions exist. (Pl. Br.. at 4). Thus, Defendant has satisfied the requirements of 28 U.S.C. section 1441.

3

> C) **Defendant Has Not Clearly and Unequivocally Waived Its Right To Removal Through The Service Of Suit Clause.**

Plaintiffs argue that, by including the Service of Suit clause in the insurance contract, Defendant has clearly and unequivocally waived its right to remove the case to federal court. The parties agree, as they must, that Defendant agreed to "submit to the jurisdiction of any court of competent jurisdiction within the United States of America." (Service of Suit Clause, attached to Pl. Mo. at Ex. C). Plaintiffs argue that, by this language, Defendant agreed to litigate in Plaintiffs' chosen forum. Because Plaintiffs chose state court, so their argument goes, Defendant has waived its right to remove the case to federal court.

The Court declines to adopt Plaintiffs' proposed interpretation of the Service of Suit clause. Sixth Circuit case law is well-settled that the waiver of the right to removal must be "clear and unequivocal." *See Regis*, 894 F.2d at 193; *see also Cadle Co. v. Reiner, Reiner & Bendett*, 307 Fed. App'x 884, 887-88 (noting that the Sixth Circuit has "expressed . . . continued adherence to the 'clear and unequivocal' standard of *Regis* . . . ."). The Sixth Circuit has previously held that when the "forum selection clause at issue . . . neither mentions removal nor sets forth an explicit waiver of that right . . . we cannot reasonably interpret the clause as a clear and unequivocal waiver of [a defendant's] right to remove the case to federal court under § 1441." *Cadle Co.*, 307 Fed. App'x at 888.

Here, the Service of Suit clause at issue does not even mention removal, and it certainly does not state that Defendant waives its right to removal. Therefore, the Court finds that Defendant has not waived its right to removal because the Service of Suit clause does not clearly and unequivocally provide for such a waiver.

In support of their position, Plaintiffs rely mostly on cases from other Circuits. *See Perini*

*Corp. v. Orion Ins. Co.*, 331 F. Supp. 453, 454-57 (E.D. Cal. 1971) (noting that the right of removal had not been waived, but that remand was proper because the service of suit clause was "fair and reasonable."); *Cessna Aircraft Co. v. Fidelity and Cas. Co. of New York*, 616 F. Supp. 671, 674-75, fn 1 (D.N.J. 1985) (finding waiver of right to removal when service of suit clause required Defendant to "submit to the jurisdiction of any Court of competent jurisdiction within the United States . . . ."); *Capital Bank and Trust Co. v. Associated Intern. Ins. Co.*, 576 F. Supp. 1522, 1524 (M.D. La Jan. 3, 1984) (finding clear and unequivocal waiver when the service of suit clause stated that insurance company would "submit to the jurisdiction of any court of competent jurisdiction within the United States . . .").

The Court finds these cases are highly persuasive, especially in light of the fact that they each concerned a Service of Suit clause that is nearly identical to the one at issue here. However, Plaintiffs have failed to distinguish binding Sixth Circuit cases, like *Cadle Co.*, that appear to require a different result. *See also City of Middlesboro v. Scottsdale Ins. Co.*, Case No. 03-cv-00525 (E.D. Ky. Nov. 21, 2003) (attached to Def. Resp. at Ex. A) (relying on *Regis* and *In re Delta* to find that identical Service of Suit clause did not constitute waiver of removal right.). Thus, the Court must decline to follow the out-of-circuit cases in light of binding, contrary Sixth Circuit precedent.

Lastly, Plaintiffs urge the Court to depart from *Regis* and *In re Delta* because those cases dealt with contracts involving a U.S. company and a foreign company, whereas the contract at issue here is between two U.S. companies. This argument also lacks merit. Although *Regis* and *In re Delta* involved contracts between American and foreign companies, the Sixth Circuit has held that the "clear and unequivocal" waiver requirement applies to contracts between domestic businesses as well. *See, e.g., Cadle Co. v. Reiner, Reiner & Bendett, P.C.*, 307 Fed. App'x. 884, 886 (6th Cir.

5

2009); *Titan Finishes Corp. v. Spectrum Sales Group*, 452 F. Supp. 2d 692, 694 (E.D. Mich. 2006); *see also EBI-Detroit, Inc. v. City of Detroit*, 279 Fed. App'x 340, 346 (6th Cir. 2008).

## CONCLUSION

Based on the foregoing, the Court finds that Defendant has not clearly and unequivocally waived its right to remove Plaintiffs' claims to federal court. Therefore, the Court shall DENY Plaintiffs' Motion to Remand (Doc. #9).

**IT IS SO ORDERED.**

                                                S/Sean F. Cox
                                                Sean F. Cox
                                                United States District Judge

Dated: June 18, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 18, 2014, by electronic and/or ordinary mail.

                                                S/Jennifer McCoy
                                                Case Manager